IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SHANNON X. STEELE, #23588-001**                                **PETITIONER**

**VERSUS**                             **CIVIL ACTION NO. 5:07-cv-195-DCB-MTP**

**STATE OF ALABAMA and**
**CONSTANCE REESE, Warden FCI-Yazoo**                  **RESPONDENTS**

## ORDER TRANSFERRING CAUSE TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

BEFORE the Court is Petitioner's request for habeas corpus relief, filed October 15, 2007. Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institute (FCI), Yazoo City, Mississippi.  On October 30, 2007, this Court entered an order directing Petitioner to clarify if, by this action if he was challenging his federal conviction and sentence or his state court conviction and sentence in this action.  In addition, Petitioner was required to specifically state the relief that he is requesting from this Court.  On November 9, 2007, Petitioner filed his response [3].  Upon liberal review of the petition submitted and response, the Court has reached the following conclusions.

Petitioner states that he was convicted of conspiracy to possess with intent to distribute cocaine base and three counts of the distribution of cocaine base by the United States District Court for the Northern District of Alabama on September 15, 2003.  *Resp. [3]*, p.1.  Petitioner further states that he pled guilty to possession of a controlled substance in the Circuit Court of Morgan County, Alabama.  *Pet. [1]*, p.3.  Petitioner states that he was sentenced by the State of Alabama on June 1, 1994, to three-years probation.  *Id.*  In this request for habeas relief, Petitioner is challenging his state court conviction, asserting constitutional issues related to his

guilty plea and assistance of counsel. *Pet. [1]*, p. 4. As relief, Petitioner is requesting that this Court vacate his state court conviction. *Resp. [3]*, p.1.

Title 28, United States Code § 2254 provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement. *Presier v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Petitioner is clearly challenging the validity of his criminal conviction from the State of Alabama, which is properly pursued as a request for habeas relief pursuant to 28 U.S.C. § 2254. To the extent Petitioner may also be challenging the validity of his federal sentence, his remedy would be properly pursued as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *See Resp. [3]*, p.1.

Title 28, United States Code § 1404(a), provides the Court with discretion to transfer a case to any other district where it might have been brought. The Court should consider the convenience of the parties and witnesses in determining if a transfer would be in the interest of justice. Since the challenged state conviction is from Morgan County, Alabama, located in the Northern District of Alabama, a § 2254 petition would be properly filed in the Northern District of Alabama. Furthermore, since Petitioner's federal conviction and sentence is also from the Northern District of Alabama, wherein a § 2255 motion would be properly filed, this Court finds the transfer of this case to be warranted. In the exercise of this Court's discretion and in the furtherance of justice, this petition for habeas relief will be transferred to the United States District Court for the Northern District of Alabama. Accordingly, it is hereby,

ORDERED that this petition for habeas relief be transferred to the United States District Court for the Northern District of Alabama, Northeastern Division, Seybourn H. Lynne U.S. Courthouse and Post Office, 400 Well Street, Decatur, Alabama 35607, and that the petition

shall be received in accordance with the orders and Local Rules of that Court and any applicable statute or law.

    SO ORDERED, this the   19th   day of November, 2007.

                                                              s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE